## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

BRADLEY TOWNSEND,

    Defendant.

CRIMINAL ACTION FILE NO.
1:24-CR-00079-SCJ

## ORDER

    This matter appears before the Court on the revised Report and Recommendation ("R&R") filed by the Honorable Justin S. Anand (Doc. No. [29]). In the R&R, Judge Anand recommends that Defendant Bradley Townsend's Motion to Suppress (Doc. No. [16]) be **DENIED**.

    A review of the record shows that before Defendant Townsend moved to suppress evidence, a grand jury returned a three-count indictment charging Defendant Townsend with conspiring to produce child pornography, in violation of 18 U.S.C. § 2251(a); receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). See generally Doc. No. [1]. This indictment followed a

search warrant executed on Defendant Townsend's home and electronic devices, where the Government believed evidence of child pornography existed. Doc. No. [16], 1 (citing Doc. No. [16-1] (Search Warrant)). This search warrant relied on an affidavit from a special agent, Juan C. Echeverry ("Echeverry"), who interviewed an informant, Steven Randal Miles ("Miles"), who suggested Defendant Townsend had received child pornography. Doc. No. [16-1], ¶¶ 7–13.

Defendant Townsend objects in three ways to the recommendation his Motion to Suppress be denied. See generally Doc. No. [31] (Objections); Doc. No. [29] (Report and Recommendation). First, "the search warrant for his residence and electronic devices was not supported by probable cause." Doc. No. [31], 1. Second, "the good-faith exception" to the warrant requirement "does not apply in this case." Id. Third, "a hearing pursuant to Franks v. Delaware is warranted due to several omissions and misrepresentations made by the [special] agent in the search warrant affidavit." Id.

In a prior order, the Court rejected the Magistrate Judge's recommendation that Defendant Townsend "has not made a substantial preliminary showing" of a violation under Franks v. Delaware, 438 U.S. 154 (1978). Doc. No. [37]. As a

2

consequence, the Court held a <u>Franks</u> hearing on June 18, 2025 and received additional briefing from the Parties on the matter. Doc. Nos. [42]; [43]; [45]; [47].

The Court now considers Defendant Townsend's objections in full.

## I.    LEGAL STANDARD

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u> And this Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." <u>Id.</u> The Court reviews the uncontested portions of the Recommendation for clear error. 28 U.S.C. § 636(b)(1); <u>see also</u> Fed. R. Civ. P. 72(b); <u>Middleburg Mgmt., LLC v. Wright</u>, No. 1:19-CV-03518-SDG, 2020 WL 7405668, at *1 (N.D. Ga. Mar. 27, 2020).

## II.    ANALYSIS

### A. <u>The Report and Recommendation Correctly Found that the Warrant Was Supported by Probable Cause.</u>

Defendant objects to the finding that the warrant was supported by a showing of probable cause based on the facts in the affidavit. Doc. No. [31], 1. Specifically, Defendant objects to the finding that the information provided by

3

Miles was adequately corroborated and created the nexus that child pornography would exist on Defendant's cell phone and other electronic devices. Id. at 2–5. The Court disagrees.

"The Fourth Amendment requires that a search warrant be issued only when there is probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested." United States v. Betancourt, 734 F.2d 750, 754 (11th Cir. 1984). Probable cause is not a high bar and "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Paez v. Mulvey, 915 F.3d 1276, 1286 (11th Cir. 2019) (internal quotation marks and citation omitted).

In determining whether an informant's tip rises to the level of probable cause, we use a "totality of the circumstances" approach. See United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992). Courts consider an informant's veracity, reliability, and basis of knowledge in this analysis. Id. at 1003. A deficiency in one of these factors may be compensated for by a strong showing as to the others, or by "some other indicia of reliability." Illinois v. Gates, 462 U.S. 213, 233 (1983). "Other indicia of reliability" include corroboration through independent police investigation and circumstances where an informant

4

is unlikely to lie. Id. at 241–45 (holding that courts "have consistently recognized the value of corroboration . . . by independent police work."); United States v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995) ("Independently confirming that *what* [the informant] said is true is one way [for police to corroborate veracity]; creating circumstances under which [he] is unlikely to lie is another."). "[T]he corroboration of the details of an informant's tip through independent police work adds significant value to the probable cause analysis." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).

The affidavit in this case relied on Miles' confession that he sent child pornography of his niece to Defendant via WhatsApp. Doc. No. [16-1], 7. The Court finds that Echeverry's independent investigation of the information Miles provided sufficiently corroborated Miles' veracity. The affidavit affirms that Echeverry corroborated through independent investigation that Miles knew Defendant's address (Doc. No. [16-1], ¶ 10); Miles knew Defendant's phone number (Id. ¶ 13); Miles was in possession of child pornography on his phone (Id. ¶ 11); Miles was in possession of child pornography specifically of his niece (Id.); Miles communicated with Defendant via WhatsApp (Id. ¶ 12); and Miles

sent sexually explicit pictures of his niece, although not qualifying as child pornography, to Defendant via WhatsApp (Id.).

The Court disagrees with Defendant's argument that U.S. v. Martin, 297 F.3d 1308 (11th Cir. 2002) has "an almost identical fact pattern" to the present case. Doc. No. [31], 4; Doc. No. [47], 6. Martin involved an affidavit recounting an informant's confession that he sold weapons stolen from North Carolina to the occupants of the listed apartment, and the only corroboration presented in the affidavit was that the informant "pointed out the apartment in the presence of the Atlanta Police," and that the affiant verified that the informant had stolen weapons out of North Carolina. 297 F.3d at 1311. These facts alone fail to corroborate any link between the informant and the defendant or the residence, aside from the informant merely pointing out an apartment. In contrast, the Court finds here that this link was established through Echeverry's confirmation that Miles had accurate information on and was in direct communication with Defendant.

Defendant further contends that observing the exchange of child erotica between Miles and Defendant does not create probable cause that child pornography would be found on Defendant's cell phone or other electronic

devices, and therefore the affidavit fails to corroborate the fact connecting Defendant to the criminal activity. Doc. No. [31], 2–5. However, an officer's affidavit in support of a search warrant need only establish a "probability, *not a prima facie showing*, of criminal activity." Gates, 462 U.S. at 235 (internal quotations omitted) (emphasis added). And noncriminal acts can provide the basis for a showing of probable cause. See Gonzalez, 969 F.2d at 1003 (11th Cir. 1992) ("Innocent behavior frequently will provide the basis for showing of probable cause . . . [i]n making a determination of probable cause the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." (internal quotations omitted)). This is because "[c]onduct innocent in the eyes of the untrained may carry entirely different 'messages' to the experienced or trained observer." Id. at 1004 (internal quotations and citations omitted).

The Court rejects Defendant's contention that the actual observance of child pornography in the WhatsApp messages was necessary to create the nexus between Defendant and the criminal activity. Doc. No. [31], 2–5. Instead, the Court finds that the observance of the exchange of child erotica by trained agents, along with the other attestations in the affidavit, attached a sufficient

degree of suspicion to Defendant's noncriminal conduct to support a probable cause finding connecting Defendant to the criminal activity, even absent Echeverry's actual observance of child pornography in the WhatsApp messages.

**B. The Good Faith Exception Does Apply.**

Next, Defendant objects to the Magistrate Judge's recommendation to deny the Motion to Suppress under the good faith doctrine. Doc. No. [31], 5. In doing so, Defendant argues that the good faith exception does not apply because Echeverry misled the magistrate judge by making material misrepresentations in the affidavit, and that these misrepresentations qualify as a reckless disregard for the truth. Id.

"Under [the] good faith exception to the exclusionary rule, suppression is necessary only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." United States v. Robinson, 336 F.3d 1293, 1296 (11th Cir. 2003) (internal quotation and citation omitted). Courts find that the good faith exception applies when the affidavit is not reckless, dishonest, or so lacking in indicia of probable cause that a reasonable officer could not have believed that the affidavit provided probable cause. See United States v. Jones,

8

149 F. App'x 954, 963 (11th Cir. 2005). As the R&R observes, the Eleventh Circuit has set forth specific circumstances in which the good faith exception does not apply. Martin, 297 F.3d at 1313. Here, Defendant argues that the relevant circumstance is where the "issuing magistrate or judge was misled by information in an affidavit that the affiant knew was false or, except for reckless disregard for the truth, should have known was false." Doc. No. [31], 5 (quoting United States v. Leon, 468 U.S. 897, 923 (1984)) However, "[o]missions that are not reckless, but are instead negligent . . . will not invalidate a warrant." Madiwale v. Savaiko, 117 F.3d 1321, 1237 (11th Cir. 1997). This is because the "purpose of the exclusionary rule is to deter unlawful police misconduct." Martin, 297 F.3d at 1320. When police conduct "involves mere negligence, the deterrent value of suppression is diminished." United States v. Brito-Arroyo, No. 20-10974, 2021 WL 3661200, at *4 (11th Cir. Aug. 18, 2021)

Here, Defendant contends that Echeverry's statements in the affidavit that omitted Miles' uncertainty on the distribution of child pornography to Defendant and misquoted Miles' statement about the deletion of incriminating messages in WhatsApp constitute a reckless disregard of the truth. Doc. Nos. [31], 5–10; [47], 1–3.

9

First addressing the omission regarding Miles' confession to distributing the child pornography, Defendant takes issue that the affidavit does not adequately capture Miles' uncertainty during the interview regarding whether he sent child pornography to Defendant. Doc. Nos. [31], 6–7; [47], 1–2. However, after review of the entire interview, the Court finds that this omission does not constitute a reckless disregard of the truth, as the reasonable takeaway from the interview was that Miles believed he had sent child pornography to Defendant. See e.g., Doc. No. [16-2] at 36-37 ([Miles]: "I believe I [sent the picture to Defendant]"; "As far as I, I can remember, I'd say yes"; "[Agent]: How confident are you? More confident 15 than not? [Miles]: yeah."); 52 (stating that he was "pretty sure" that he sent the photograph to Defendant); 53–54 ("[Agent]: So [Defendant] has photos of your niece? [Miles]: Yes."). While Echeverry's failure to transcribe Miles' exact words of uncertainty when typing the affidavit and failure to review the audio recording before creating the affidavit may have been negligent, Echeverry's use of the phrase "Miles stated" instead of "Miles believes" does not amount to reckless disregard of the truth.

Next addressing the misstatement that Miles said Defendant could have deleted the messages containing child pornography in WhatsApp,

10

Defendant correctly points out that Miles did not make this statement about Defendant but instead about his girlfriend. Doc. Nos. [31], 8; [47], 2–3. However, the Court similarly holds that this misstatement was not a reckless disregard for the truth, as both Defendant and Miles' girlfriend were allegedly sent child pornography of one of Miles' relatives through the same app. Again, while potentially negligent, this mix-up does not rise to the necessary level of intention on the part of Echeverry to preclude the application of the good-faith exception.

Therefore, even if the affidavit as it stands did not contain the facts and corroboration necessary to support a probable cause finding, the Court finds that the good faith exception would apply.

C.  **Even if Echeverry Did Show a Reckless Disregard for the Truth in Writing the Affidavit, His Misrepresentations Were Not Material so as to Negate a Finding of Probable Cause.**

Last, even if Echeverry's actions did amount to the reckless disregard of the truth, the Court finds that the inclusion of Echeverry's omission and the correction of Echeverry's misstatement in the affidavit would still support a finding of probable cause.

Courts will apply the exclusionary rule and suppress evidence obtained in reliance on a "knowing or reckless falsity of the affidavit." Leon, 468

11

U.S. at 914. If there was an intentional or reckless misstatement or omission, courts "examine the materiality of the information by inquiring whether probable cause would be negated if the offending statement was removed or the omitted information included." Paez v. Mulvey, 915 F.3d at 1287; see also United States v. Kirk, 781 F.2d 1498, 1502 (11th Cir. 1986) ("[W]e must consider: (1) whether the alleged misstatements in the affidavit were made either intentionally or in reckless disregard of the truth and, if so, (2) whether, after deleting the misstatements [or including the omissions], the affidavit is insufficient to establish probable cause.").

The Court finds that had the affidavit more accurately stated that Miles believes that he sent the child pornography of his niece to Defendant via WhatsApp, that this along with Miles' possession of child pornography of his niece on his phone and the exchange of child erotica of his niece to Defendant, would still support a finding of probable cause. Further, the Court finds that had the affidavit more accurately stated that Miles admitted that his girlfriend, rather than Defendant, could have deleted the images of child pornography from the WhatsApp messages, this would not have changed the takeaway that messages on WhatsApp can be deleted, and therefore the correction of this statement

12

would also not affect the magistrate judge's probable cause finding. Even viewing the corrections to affidavit collectively, the Court's finding remains the same.

Defendant in his objections contends that if Miles' uncertainty about whether he sent child pornography to Defendant had been included, this coupled with the fact that the child pornography was not found in WhatsApp creates a "perfectly good reason for Miles to be less certain" and for "why the [child pornography] wasn't found [in the messages]" because "it could very well have been that Miles only sent [Defendant] the one picture of the girl in her underwear[.]" Doc. No. [31], 6. However, Defendant in making this contention confuses the probable cause standard with the beyond a reasonable doubt standard. Just because it is *possible* that Miles could have sent Defendant only the one picture of child erotica that Echeverry actually observed, this mere possibility does not preclude a finding of probable cause. While the inclusion of Miles' uncertainty in the affidavit might have affected the "overall likelihood that Defendant possessed child pornography" (Id. at 6–7), the Court maintains that it would not have decreased the likelihood below that necessary for the existence of probable cause.

## III.    CONCLUSION

For the foregoing reasons, the R&R, having been **REJECTED IN PART** (as to the Franks hearing recommendation), is **ADOPTED** as to the remaining recommendations. Defendant Townsend's Motion to Suppress (Doc. No. [16]) is **DENIED.**

This case will be set for trial by further of the Court.

**IT IS SO ORDERED** this _28th_ day of January, 2026.

_____

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

14